IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MAGGIE D. GAMBRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   04-1055 T/An |
| | ) | |
| HOLIDAY INN EXPRESS OF JACKSON, TENNESSEE, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR EXTENSION

Before the Court is Plaintiff's Motion for Extension of Time filed on April 26, 2005. The instant motion is an uncaptioned Motion for Extension of Time, as Plaintiff does not specify which deadline it is that she is requesting should be extended. The deadline for completing discovery is not until June 17, 2005, so the Court concludes that no extension is required for the deadline to complete discovery.

On the other hand, if Plaintiff is referring to the deadline for initial disclosures or to some other deadline, Plaintiff failed to attach a Certificate of Consultation as required by Local Rule 7.2 of the Local Rules for the Western District of Tennessee. Local Rule 7.2(a)(1)(B) provides:

> Consultation by Counsel.  All motions, including discovery motions, but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a certificate of counsel (with one copy) affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.  Failure to file an accompanying certificate of consultation may be deemed good grounds for denying the motion.

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/31/2005



> The certificate must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file certificate to that effect, setting out counsel's efforts to comply with this rule.

Because it is unclear as to which deadline Plaintiff seeks an extension of and because Plaintiff did not comply with Local Rule 7.2, the Motion is **DENIED** without prejudice. Plaintiff is welcome to re-file the instant motion after clarifying which deadline Plaintiff is seeking an extension of and after complying with the Local Rules.

**IT IS SO ORDERED.**

s/ Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 24th, 2005

2



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 1:04-CV-01055 was distributed by fax, mail, or direct printing on May 31, 2005 to the parties listed.

---

Herbert E. Gerson
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Maggie D. Gambrell
P.O. Box 361
Jackson, TN 38302

David A. Prather
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable James Todd
US DISTRICT COURT