IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY

JUL 14 2005

Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

|  |  |
|---|---|
| MAGGIE D. GAMBRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  No. 04-1055-T-An |
| | ) |
| HOLIDAY INN EXPRESS OF | ) |
| JACKSON, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING MOTIONS FOR SANCTIONS AGAINST PLAINTIFF

Plaintiff filed this *pro se* employment discrimination complaint under Title VII, 42 U.S.C. § 2000e-5, against Michael Collier, Mary Blackwell, and Shirley Rose, her supervisors at the Holiday Inn Express in Jackson, Tennessee. On March 24, 2004, the court entered an order dismissing Defendants Collier, Blackwell, and Rose and directing Plaintiff to file an amended complaint. On April 6, 2004, Plaintiff filed an amended complaint, naming Holiday Inn Express as the defendant.

On June 14, 2005, Defendant filed a motion for sanctions against Plaintiff for her failure to appear at her scheduled deposition [Docket # 14]. On June 17, 2005, Defendant filed a second motion for sanctions against Plaintiff for her failure to appear at her re-scheduled deposition [Docket # 16]. Plaintiff has not responded to either motion. For the reasons set forth below, Defendant's motions are GRANTED.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  07-18-05

⑱

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

The purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 229 (E.D. Mich. 1978), *cert. denied*, 442 U.S. 918 (1979). "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Regional Refuse Systems, 842 F.2d 150, 154 (6th Cir. 1988) (citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This measure is available to the court as a tool to effect "management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984)). A court should consider four factors in assessing the whether to grant a motion to dismiss a complaint under Rule 41(b): (1) whether the party's failure to cooperate in discovery is due

2

to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997) (citations and quotations omitted).

Here, dismissal of the action is not appropriate at the present time. Even assuming that Plaintiff's failure to appear was due to "wilfulness, bad faith, or fault," Plaintiff has not previously been warned that failure to cooperate could lead to the dismissal of the action. Additionally, the "less drastic sanction" of awarding Defendant its attorney fees and costs is available, and the court can ameliorate any prejudice to Defendant by extending the discovery deadlines. C.f. Knoll v. AT&T, 176 F.3d 359, 364 (6th 1999) (Affirming dismissal because counsel neglected plaintiff's case, repeatedly ignored court orders without excuse, and ultimately attempted to force the court to grant a continuance by refusing to proceed on the day of trial); Hood v. Smith's Transfer Corp.,1999 WL 685920 (6th Cir.) (Affirming dismissal of action based on plaintiff's failure to comply with four orders and a delay of ten years).

Because a trial on the merits is favored in federal courts, see United Com Meter Co., Inc. v. Seaboard Coastline Railroad, 705 F.2d 839, 846 (6th Cir. 1983), the court will not dismiss the action as a sanction at the present time. Instead, Defendant will be awarded the

3

costs and fees, associated with preparing for and appearing at the depositions, as well as the costs and fees incurred in filing these motions, as a sanction against Plaintiff.

Defense counsel has submitted his affidavit with the first motion which states that his fee for preparing for the deposition, attending the deposition, and preparing the motion for sanctions is $2,520. The court reporter fee was $240. Defense counsel's attorney fee related to the rescheduled deposition and the second motion for sanctions is $480. The court reporter fee was $122. The court has reviewed these amounts, and they appear to be reasonable. Consequently, Defendant will be awarded $3,362 ($2,520 + $240 + $480 + $122) as a sanction against Plaintiff for her failure to appear at her deposition and the rescheduled deposition.

The discovery deadline is extended to August 13, 2005. Any dispositive motions must be filed by September 12, 2005.

Plaintiff is warned that her continued failure to comply with discovery will result in the dismissal of the action as a sanction.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

14 July 2005
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 1:04-CV-01055 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Herbert E. Gerson
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Maggie D. Gambrell
P.O. Box 361
Jackson, TN 38302

David A. Prather
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable James Todd
US DISTRICT COURT