IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MAGGIE D. GAMBRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1055-T-An |
| | ) | |
| HOLIDAY INN EXPRESS OF JACKSON, TENNESSEE, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING THIRD MOTION FOR SANCTIONS AGAINST PLAINTIFF,
ORDER OF DISMISSAL, AND
ORDER DENYING MOTION FOR CONTINUANCE AS MOOT

On March 19, 2004, Plaintiff filed this *pro se* complaint pursuant to Title VII, 42 U.S.C. § 2000e-5, against Michael Collier, Mary Blackwell, and Shirley Rose, her supervisors at a Holiday Inn Express in Jackson, Tennessee. The court dismissed Collier, Blackwell, and Rose as defendants and directed Plaintiff to file an amended complaint. See Order 3/24/04. Plaintiff then filed an amended complaint, naming Holiday Inn Express as the defendant.

On June 14, 2005, Defendant filed a motion for sanctions against Plaintiff for her failure to appear at her scheduled deposition. On June 17, 2005, Defendant filed a second motion for sanctions against Plaintiff for her failure to appear at her re-scheduled deposition. The court granted the motions in an order entered on July 18, 2005. The court awarded

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 09-26-05



Defendant $3,362 in attorney fees and costs as a sanction against Plaintiff for her failure to appear at her deposition and the rescheduled deposition, and the discovery deadline and deadline for filing dispositive motions were extended. Plaintiff was warned that her continued failure to comply with discovery would result in the dismissal of the action.

Subsequently, Defendant noticed Plaintiff for a deposition to be held on August 5, 2005. Once again, Plaintiff failed to appear. Defendant has now moved the court to dismiss the action. Defendant also seeks to recoup its attorney fees and costs associated with the deposition and the preparation of this motion. Defendant has also filed a motion to continue the trial of this matter which is set for October 17, 2005. Plaintiff has not responded to either motion. For the reasons set forth below, Defendant's motion for sanction is GRANTED, and the action is hereby DISMISSED. Defendant's motion for continuance is DENIED as moot.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

"Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Regional Refuse Systems, 842 F.2d 150, 154 (6th Cir. 1988) (citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)).

2

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This measure is available to the court as a tool to effect "management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984)). A court should consider the following factors in assessing whether to grant a motion to dismiss a complaint under Rule 41(b): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997) (citations and quotations omitted).

Given the fact that Plaintiff has failed to appear for her deposition three different times, the court must assume that her conduct is due to "wilfulness, bad faith, or fault." Plaintiff has chosen not to participate in the litigation. Moreover, she has previously been warned that failure to cooperate would lead to the dismissal of the action. Additionally, the "less drastic sanction" of awarding Defendant its attorney fees and costs has been tried, but to no avail. Therefore, dismissal of the action is appropriate.

Defendant will also be awarded its costs and attorney fees, as an additional sanction against Plaintiff. Defense counsel has submitted an affidavit which states that his fee for preparing for the deposition, attending the deposition, and preparing the motion for sanctions was $456. The court reporter fee was $140.25. The court has reviewed these amounts, and they appear to be reasonable. Consequently, Defendant will be awarded $596.25 ($456 + $140.25) against Plaintiff for her failure to appear at the rescheduled deposition.

In summary, Defendant's third motion for sanctions is GRANTED, and the action is DISMISSED. Defendant is awarded $596.25 in attorney fees and costs. Defendant's motion for a continuance of the trial date is DENIED as moot. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

23 September 2005
DATE

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 1:04-CV-01055 was distributed by fax, mail, or direct printing on September 26, 2005 to the parties listed.

---

Herbert E. Gerson
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Maggie D. Gambrell
P.O. Box 361
Jackson, TN 38302

David A. Prather
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Honorable James Todd
US DISTRICT COURT